# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **DONALD K. SMITH**<br>    LA. DOC #337578<br>**VS.** | **CIVIL ACTION NO. 09-1027**<br>**SECTION P**<br>**CHIEF JUDGE JAMES** |
| **WARDEN JIMMY SHIVERS, ET AL.** | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Donald K. Smith, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 16, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Caldwell Correctional Center, Grayson, Louisiana; however, he complains of conditions during his confinement at the Madison Parish Detention Center (MPDC), Tallulah, Louisiana. Plaintiff seeks an award of $10,000 for mental anguish against MPDC Warden Jimmy Shivers, Madison Parish Sheriff Larry Cox, and LDOC Secretary James LeBlanc. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### *Statement of the Case*

Plaintiff is an LDOC inmate. In early October 2008, he was transferred to MPDC. On October 17, 2008, he submitted a grievance to Warden Shivers and Sheriff Cox complaining that the prices of items sold at the MPDC canteen were much higher than retail prices in the

community. Neither Shivers nor Cox responded. On October 22, 2008, plaintiff submitted another grievance to Warden Shivers complaining that $13.85 had been deducted from his prison account for an "admittance kit" that, according to plaintiff, he did not need. Further, plaintiff complained that the "admittance kit" was supplied for free by the LDOC. Again, plaintiff did not receive a response.

On January 11, 2009, plaintiff filed a grievance to Warden Shivers and Sheriff Cox complaining of improper health care charges in violation of "... law and D.O.C. policies..." A few weeks later, plaintiff "... wrote several request forms informing ... Shivers that he was [denying] [plaintiff] access to the courts to seek review by procedure..." When plaintiff received no response to this grievance he wrote a letter to Secretary LeBlanc and included copies of his unanswered grievances. According to plaintiff, LeBlanc has yet to respond.

Plaintiff signed his complaint on March 9, 2009; however, he did not mail it until June 15, 2009. [Doc. 1, pp. 4 and 6] As stated above, plaintiff seeks compensatory damages for "... mental anguish, stressful months that they intentionally denied me a vested right..." [Doc. 1, ¶V]

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff has articulated his claims for relief and has provided the facts he believes are necessary to support those claims. Plaintiff has stated his best case and need not be afforded an

opportunity to amend the complaint. As is shown hereinafter, all of plaintiff's factual allegations have been presumed correct; nevertheless, he has failed to state a claim for which relief may be granted.

## *2. Right to Grievances*

Plaintiff implies that the defendants have denied him a right to participate in the prison grievance procedure. In *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court left prisoners without a federally-protected right to have grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional *minima*. See *Taylor v. Cockrell*, 2004 WL 287339 at *1 (5th Cir. Feb.12, 2004) (not designated for publication) (holding that "claims that the defendants violated ... constitutional rights by failing to investigate ... grievances fall short of establishing a federal constitutional claim"); *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005) (Prisoners do not have a federally protected liberty interest in having their grievances resolved to their satisfaction; any alleged due process violation arising from the alleged failure to investigate prisoner grievances is indisputably meritless); (see also *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 138, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977) (Burger, C.J., concurring) (applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) ("[T]he constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a

4

state."); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (quotation omitted) (holding that a prison grievance procedure is not a substantive right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991 *(per curiam)* (concluding regulations providing for administrative remedy procedure do not create liberty interests in access to that procedure); and *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

Since there is no constitutionally protected right to participate in a prison grievance procedure, plaintiff's claim is frivolous.

### 3. Access to Courts

Plaintiff also implies that the defendants' failure to provide a grievance system will deny him a right of access to the Courts. That claim is likewise frivolous. "It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). See *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). Put another way, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d at 821; *Lewis v. Casey*, 518 U.S. at 351, 116 S.Ct. at 2179-81;

5

*Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996).

Plaintiff has not shown how his ability to prepare and transmit legal documents has in any way been inhibited. Indeed, such a claim by plaintiff would be ludicrous. The lack of an adequate grievance procedure has not inhibited plaintiff from filing the instant suit. Finally, in order for plaintiff to state a claim that he was denied his constitutional right of access to the courts, he must "demonstrate[ ] that his position as a litigant was prejudiced by his denial of access to the court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.1996) (*per curiam*) (citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir.1993)). This requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. The Supreme Court, discussing the "actual injury" requirement held that:
"The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355. The Court further held that this right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id.*

Plaintiff has not demonstrated that he has been denied a right of access to the courts by virtue of the allegedly ineffective prison grievance system at MPDC. Indeed, the instant suit fails, not for plaintiff's failure to exhaust administrative remedies, but rather because it is manifestly frivolous.

*4. Commissary Prices*

Plaintiff's main complaint centers around his claim that the MPDC's commissary charges prices higher than the retail prices for similar items in the community. Of course, this is a conclusory allegation unsupported by any facts. Nevertheless, even if the claim is accepted as true, it is subject to dismissal as frivolous.

Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care; and, they must take reasonable measures to guarantee the safety of the inmates in their custody. See *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Plaintiff has not identified a constitutionally protected right to commissary privileges and has failed to establish the need for federal courts to oversee this aspect of prison management.

*5. 42 U.S.C. §1997e*

Finally, plaintiff seeks only compensatory damages for mental anguish. Title 42 U.S.C. § 1997e was amended by the Prison Litigation and Reform Act of 1996. Under the statute, prisoners are barred from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." *Crawford-el v. Britton*, 523 U.S. 574, 596, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (citing *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997)

Plaintiff has alleged no physical injury and the undersigned can imagine no such injury resulting from the facts thus far alleged. Since plaintiff has alleged no physical injury resulting from the actions of the defendant, his claim for monetary damages as compensation for mental

7

anguish and stress is legally without merit and subject to dismissal as frivolous.

## *6. Conclusion and Recommendation*

In short, plaintiff's claims are either manifestly frivolous or fail to state a claim for which relief may be granted and dismissal on that basis is recommended. Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, September 23, 2009.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE